# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BEVERLY MARTINA HOUSEAL, | ) | NO. 306-02082 |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| | ) | |
| | ) | JUDGE MARIAN F. HARRISON |
| | ) | |
| MICHAEL GIGANDET, TRUSTEE, | ) | ADV. NO. 306-0429A |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HSBC AUTO FINANCE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## MEMORANDUM OPINION
_____

This matter is before the Court upon the defendant's motion to dismiss the above-styled complaint. The motion and the Trustee's objection thereto were set to be heard on January 16, 2007, and the parties agreed to waive oral argument and to submit the matter on briefs. For the following reasons, the Court finds that the defendant's motion to dismiss the Trustee's complaint should be denied.

## I. BACKGROUND

The relevant facts are not in dispute. The debtor filed her Chapter 7 bankruptcy petition on April 30, 2006. In her petition, the debtor included a Statement of Intention, wherein she indicated that she wanted to surrender a 2004 Nissan Pathfinder Armada to the defendant. The Meeting of Creditors was held on May 31, 2006.

The Trustee notified the defendant in writing requiring the defendant to file a claim and/or provide proof of its perfected security interest. The defendant received at least one such notice from the Trustee, dated July 20, 2006. When no response was forthcoming, as required by LBR 3001-1, the Trustee filed this adversary complaint on October 12, 2006, seeking to sell the vehicle free and clear of any liens or other interests.

## II. ARGUMENT

The defendant asserts that because the debtor failed to perform her intention to surrender the Nissan within 30 days of the first date set for the Meeting of Creditors, the automatic stay was lifted and the property was abandoned pursuant to 11 U.S.C. § 362(h)(1)(B). Because the Trustee failed to file a motion to stop the stay from lifting within the time specified under the Code, the defendant argues that the Trustee is barred from bringing this complaint.

In response, the Trustee submits that the defendant fails to recognize the distinction between the vehicle as property of the estate and the avoidance action as property of the estate. Regardless of whether the vehicle has been abandoned, the Trustee argues that this avoidance action is still valid and is an asset of the estate.

### III. <u>DISCUSSION</u>

Where an individual debtor's schedule of assets and liabilities includes debts secured by property of the estate, 11 U.S.C. § 521(a)(2)(A) requires the debtor to file with the clerk a statement of intention with regard to the retention or surrender of such property. The statement of intention must be filed with the clerk within 30 days after the date of the filing of the petition under Chapter 7 or on or before the date of the Meeting of Creditors, whichever is earlier, or within such additional time as the Court, for cause, within such period fixes.

11 U.S.C. § 521(a)(2)(B) requires that the debtor perform the stated intention with respect to such property, as specified by subparagraph (A), within 30 days after the date first set for the Meeting of Creditors under 11 U.S.C. § 341(a), or within such additional time as the Court, for cause, within such 30-day period fixes.

In the present case, the debtor complied with 11 U.S.C. § 521(a)(2)(A) when she filed her statement of intention with her bankruptcy petition on April 30, 2006, indicating her

intent to surrender the 2004 Nissan Pathfinder Armada to the defendant. It is apparently undisputed that the debtor did not surrender the Nissan to the defendant within 30 days after the Meeting of Creditors on May 31, 2006. Nor did the debtor obtain an extension of time within which to do so. The consequences of failing to perform as required by 11 U.S.C. § 521(a)(2)(B) is addressed in 11 U.S.C. § 521(a)(2)(C), which states:

> nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, ***except as provided in section 362(h)***.

(Emphasis added).

11 U.S.C. § 362(h)(1)(B) provides:

In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--

> \* \* \* \*

> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

A Chapter 7 Trustee may seek to avoid this result by filing a motion before the expiration of the applicable times set by 11 U.S.C. § 521(a)(2). Specifically, 11 U.S.C. § 362(h)(2) states:

4 - U.S. Bankruptcy Court, M.D. Tenn.

> Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

While the Trustee has not filed a timely motion pursuant to 11 U.S.C. § 362(h)(2), it does not necessarily mean that the stay has lifted or that the Nissan is no longer property of the estate. Pursuant to 11 U.S.C. § 362(h)(1), the stay lifts and abandonment of the personal property occurs only as to "personal property of the estate or of the debtor securing in whole or in part a claim." Thus, whether the stay has lifted as to the Nissan and whether it has left the estate depends upon whether the vehicle secures a claim held by the defendant, and the determination of whether the defendant has a valid security interest in the Nissan is the issue raised in this complaint.

Based on the plain meaning of 11 U.S.C. § 362(h)(1), the Trustee is not barred from prosecuting this complaint because the status of the defendant, as related to this vehicle, is unclear, there being no proof of claim filed nor compliance with LBR 3001-1(a).

## IV. CONCLUSION

For the above reasons, the Court finds that the defendant's motion to dismiss the Trustee's complaint should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**